UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

NYESHA RUSSELL,   )
                  )
        Plaintiff )
                  )
    v.            )  Case No.:
                  )
VISION FINANCIAL CORP.,  )  **COMPLAINT AND DEMAND FOR**
                  )  **JURY TRIAL**
        Defendant )
                  )  (Unlawful Debt Collection Practices)

# COMPLAINT

NYESHA RUSSELL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VISION FINANCIAL CORP. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19143.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its principal office located at 11960 Westline Industrial Drive, Suite 330, Maryland Heights, MO 63146 and using a mailing address of P.O. Box 7477, Rockford, Illinois 01126.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), as it repeatedly contacted Plaintiff in its attempts to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect an alleged, consumer debt and attempted to collect that alleged debt from Plaintiff.

12. The alleged debt arose out of transactions that were primarily for personal, family, or household purposes.

13. As Plaintiff does not owe any business debt, any debt that Defendant was attempting to collect could only be personal in nature.

14. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15. Beginning in July 2013, and continuing through October 2013, Defendant attempted to collect a consumer debt from Plaintiff.

16. In its attempts to collect a debt, Defendant contacted Plaintiff, on average, one (1) to two (2) times a day on her cellular telephone.

17. It was inconvenient and harassing to Plaintiff to be called multiple times a day, almost every day, for more than two (2) months by Defendant in its attempts to collect a debt, as Plaintiff pays $2.00 a day for minutes on her cellular

telephone.

18. Upon information and belief, the debt Defendant was seeking to collect is a debt of another individual and not a debt owed by Plaintiff.

19. Desiring to stop the repetitive collection calls, on or about October 1, 2013, Plaintiff spoke with Defendant's collector and told them to stop calling her.

20. Defendant deceptively claimed that it had not been calling Plaintiff, but then stated it would stop calling her.

21. Defendant never updated its records to stop the calls to Plaintiff.

22. Rather, Defendant continued to call Plaintiff in its attempts to collect a debt, calling most recently on October 6, 2013.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

23. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) by continuously calling Plaintiff's cellular telephone, on average, one (1) to two (2) times a day in order to collect a debt, with the intent to annoy, abuse, and harass Plaintiff.

## COUNT II

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA.

a. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

c. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

d. Here, Defendant violated §§ 1692e, 1692e(2)(A) and

1692e(10) of the FDCPA by deceptively claiming that it had not been calling Plaintiff when it had been contacting her as well as attempting to collect an amount that Plaintiff does not owe.

## COUNT III

25. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1) of the FDCPA.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    c. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA by claiming that it would stop calling Plaintiff, but not updating its records to stop the calls and instead continuing to call Plaintiff, as well as attempting to collect an amount not authorized by the agreement creating the alleged debt and

causing Plaintiff to incur fees as a result of its repetitive calls to her cellular telephone.

WHEREFORE, Plaintiff, NYESHA RUSSELL, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NYESHA RUSSELL, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

|   |   |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| Date: July 23, 2014 | By: _____ |
| | CRAIG THOR KIMMEL |
| | PA Attorney ID No. 57100 |
| | Kimmel & Silverman, P.C. |
| | 30 E. Butler Pike |
| | Ambler, PA 19002 |
| | Phone: (215) 540-8888 |
| | Fax: (877) 788-2864 |
| | Email: kimmel@creditlaw.com |

PLAINTIFF'S COMPLAINT